**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0587n.06
Filed: July 11, 2005

**No. 04-5725**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAMES ROBERT HENDRICKS and SUSAN ELIZABETH HENDRICKS, | ) | |
| | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| THE TRAVELERS INSURANCE COMPANY, | ) | |
| | ) | |
| Intervening Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| WEYERHAEUSER COMPANY; WILLAMETTE INDUSTRIES, INC.; and SOUTHERN INDUSTRIAL CONSTRUCTORS, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: KEITH, DAUGHTREY, Circuit Judges, and WILLIAMS,[*] District Judge.

**PER CURIAM**. Plaintiffs-Appellants James Robert Hendricks and his wife, Susan Hendricks, sued Defendants-Appellees Willamette Industries, Inc., and Weyerhaeuser Company for negligence seeking punitive damages for injuries sustained by Mr. Hendricks while employed by Southern Industrial Constructors, Inc., a subcontractor of the Defendants. Plaintiff-Appellant Travelers Insurance Company filed an intervening complaint seeking reimbursement of payments made under its workers' compensation insurance policy. Defendants-Appellants filed a third-party

---

[*] The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

complaint against Third-Party Defendant-Appellee Southern Industrial Constructors, Inc., seeking indemnity for costs related to this action. Upon a motion from the Defendants, the district court granted summary judgment in favor of the Defendants. Plaintiffs appeal that decision.

Under the relevant Kentucky workers' compensation statute:

> If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death.

K.R.S. § 342.690(1). The exclusive liability provision also provides that "the term 'employer' shall include a 'contractor' covered by subsection (2) of KRS 342.610." *Id.* Under Section 342.610(2), the law states:

> A contractor who subcontracts all or any part of a contract and his carrier shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter.

*Id.* § 342.610(2). Kentucky law, therefore, renders contractors with immunity from tort liability so long as the subcontractor has workers' compensation insurance. The district court, Judge Joseph H. McKinley, Jr. presiding, held that Defendants were immune from suit because Willamette had met the statutory requirements for contractor immunity under Kentucky's workers' compensation law.

Having reviewed the parties' briefs and the record before us on appeal, we have determined that the district court was correct in granting summary judgment for the Defendants. The district court clearly articulated its reasons for granting summary judgment, we therefore find that the

issuance of a full written opinion by this court would be duplicative and serve no useful purpose.

Accordingly, we adopt the reasoning of the district court in its opinion dated May 20, 2004, and

**AFFIRM** the district court's grant of summary judgment for the Defendants.